1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

TYRONE FURGESON and MYONG
FURGESON, husband and wife; MYONG &
SUNG, LLC, a Washington limited liability
company d/b/a THE BROWNE'S STAR
GRILL; and CONSTITUTIONALIST
SERVICES, LLC, a Washington limited
liability company d/b/a ESYONGS SECURITY
AND CANINE,

Plaintiffs,

v.

CITY OF TACOMA, a municipal corporation;
GREG HOPKINS and "JANE DOE"
HOPKINS, husband and wife, and the marital
community thereof; ROBERT LUKE and
PEGGY CAMPOS-LUKE, husband and wife,
and the marital community thereof; PHIL
FERRELL and DEBBIE FERRELL, husband
and wife, and the marital community thereof;
NICK STEPHENS and BOBBIE STEPHENS,
husband and wife, and the marital community
thereof; RUBEN CARTER and DARLENE
CARTER, husband and wife, and the marital
community thereof; DUANE KNOLL and
ROXANN KNOLL, husband and wife, and the
marital community thereof; and BRIAN
TRUNK and "JANE DOE" TRUNK, husband
and wife, and the marital community thereof,

Defendants.

Case No. C05-5490FDB

ORDER GRANTING MOTION OF
*INDIVIDUAL DEFENDANTS* FOR
SUMMARY JUDGMENT ON
PLAINTIFF'S § 1983 CLAIMS

26

ORDER - 1

**INTRODUCTION**

This cause of action arises from a July 25, 2002 inspection of the Browne's Star Grill building by a building inspector from the City's Building and Land Use Services Department, a fire inspector from the Tacoma Fire Department, and an electrical inspector from Tacoma Power. Plaintiff Tyrone Furgeson allowed the inspection, stating, "Be my guest." (Ex. 1, p. 142.)  Following the inspection, the team concluded that the hazards were such that abatement was the appropriate action and cut electrical power to the building and a "Do Not Occupy" notice was posted on the bar and grill on the same day, July 25, 2002.  The necessary repairs were made by Plaintiffs and, following re-inspections by the City, Browne's Star Grill reopened on September 6, 2002.

Defendants now move for summary judgment on Plaintiff's Section 1983 claims against the individual defendants pursuant to the doctrine of qualified immunity.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper if  the moving party establishes that there are no genuine issues of material fact and it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial.  *Celotex Corp. v.  Catrett*, 477 U.S. 317, 322-323 (1986).  Inferences drawn from the facts are viewed in favor of the non-moving party.  *T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630-31 (9th Cir. 1987).

Summary judgment is proper if a defendant shows that there is no evidence supporting an element essential to a plaintiff's claim.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  Failure of proof as to any essential element of plaintiff's claims means that no genuine issue of material fact can exist and summary judgment is mandated.  *Celotex*, 477 U.S. 317, 322-23 (1986).  The nonmoving party "must do more than show there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

ORDER - 2

**DISCUSSION**

Public officials acting within the scope of their discretionary authority are shielded by a qualified immunity from suit, *Butz v. Economou*, 438 U.S. 478, 507-08 (1978), which protects officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority. *Harlow v. Fitzgerald*, 457 U.S. 800 (1992). Officials are immune unless the law clearly proscribed the actions they took. *Mitchell v. Forsyth*, 472 U.S. 511 (1985). Thus, the immunity "protects all but the plainly incompetent or those that knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335 (1986).

Once a defendant properly raises the issue of qualified immunity, the plaintiff bears the burden of proving that the right allegedly violated was "clearly established" at the time of the conduct in question. *Davis v. Scherer*, 468 U.S. 183 (1984). A court in analyzing a claim of qualified immunity, "need not consider the correctness of the plaintiff's version of the facts, nor even determine whether the plaintiff's allegations actually state a claim. All it need determine is a question of law: whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions." *Mitchell v. Forsyth*, 472 U.S. at 526. "In other words, courts adjudicating claims of qualified immunity must look not to constitutional guarantees themselves but to the various doctrinal tests and standards that have been developed to implement and to administer those guarantees." *Brewster v. Board of Education of the Lynwood Unified School District*, 149 F.3d 971, 977 (9th Cir. 1998).

A plaintiff may satisfy the element of "clearly established" in the qualified immunity analysis in one of two ways: (1) by identification of closely analogous cases holding the conduct in question to be unconstitutional; or (2) by offering evidence that the officer's conduct was so patently violative of the constitutional rights in question that a reasonable public official would know it to be unconstitutional without guidance from the courts. *See Casteel v. Pieschek*, 3 F.3d 1050, 1053 (7th Cir. 1993).

ORDER - 3

1    While contending that the inspection team selected Browne's Star Grill because the clientele

2    was predominately African-American, Plaintiffs do not dispute multiple code violations and agree

3    that the City has an obligation to enforce its own codes.  Browne's Star Grill was one of several

4    establishments that were inspected on the evening in question.  Plaintiffs response to the claim of

5    qualified immunity is insufficient in that Plaintiffs simply generally assert that they have a

6    constitutional right to be free from selective enforcement.  The Supreme Court has explained why

7    this generalized type of showing is meaningless:

8        The operation of [the qualified immunity] standard, however, depends substantially
         upon the level of generality at which the relevant "legal rule" is to be identified.  For
9        example, the right to die process of law is quite clearly established by the Due Process
         Clause, and thus there is a sense in which any action that violates that Clause (no
10       matter how unclear it may be that the particular action is a violation) violates a clearly
         established right.  Much the same could be said of any other constitutional or
11       statutory right.  But if the test of "clearly established law" were to be applied at this
         level of generality, it would bear no relationship to the "objective legal
12       reasonableness" that is the touchstone of Harlow.  Plaintiffs would be able to convert
         the rule of qualified immunity that our cases plainly establish into a rule of virtually
13       unqualified liability simply by alleging violation of extremely abstract rights.

14   *Anderson v. Creighton*, 483 U.S. 635, 639 (1987).

15       Plaintiffs cite a due process violation in the quick action taken by the inspection team.  As to

16   qualified immunity, however, Plaintiffs merely cite *Harlow v. Fitzgerald* for the proposition that the

17   critical issue is whether the defendant officials violated federal law that was clearly established at the

18   time they acted.  This is true, but Plaintiffs have not cited any authority for the proposition that under

19   the circumstances of this case, the officials involved violated any clearly established federal law.

20   Plaintiffs' Section 1985 claim that there was a conspiracy to deprive them of their constitutional

21   rights fares no better.  The same cursory citation to  *Harlow v. Fitzgerald* is made with a statement

22   of the critical issue.  Plaintiffs provide the same cursory, insufficient argument as to their Fourth and

23   Fifth Amendment claims.

24       Plaintiffs' showing on the issue of qualified immunity does not satisfy the requirements set

25   forth in the authorities cited above.  Their showing is particularly lacking under *Anderson v.*

26   ORDER - 4

*Creighton* because their argument is to generalized and without any showing to closely analogous cases or that the conduct was patently violative of Plaintiffs' constitutional rights.  Defendants are entitled to qualified immunity under the circumstances of this case.

NOW, THEREFORE, IT IS ORDERED: Individual Defendants' Motion for Summary Judgment on Plaintiffs' Section 1983 Claims [Dkt. # 29] is GRANTED, and Plaintiffs' claims against the individual defendants are DISMISSED in their entirety with prejudice.

DATED this 15th day of November, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5