UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TYRONE FURGESON and MYONG FURGESON, husband and wife; MYONG & SUNG, LLC, a Washington limited liability company d/b/a THE BROWNE'S STAR GRILL; and CONSTITUTIONALIST SERVICES, LLC, a Washington limited liability company d/b/a ESYONGS SECURITY AND CANINE,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF TACOMA, a municipal corporation; GREG HOPKINS and "JANE DOE" HOPKINS, husband and wife, and the marital community thereof; ROBERT LUKE and PEGGY CAMPOS-LUKE, husband and wife, and the marital community thereof; PHIL FERRELL and DEBBIE FERRELL, husband and wife, and the marital community thereof; NICK STEPHENS and BOBBIE STEPHENS, husband and wife, and the marital community thereof; RUBEN CARTER and DARLENE CARTER, husband and wife, and the marital community thereof; DUANE KNOLL and ROXANN KNOLL, husband and wife, and the marital community thereof; and BRIAN TRUNK and "JANE DOE" TRUNK, husband and wife, and the marital community thereof,<br><br>Defendants. | Case No. C05-5490FDB<br><br>ORDER GRANTING DEFENDANT CITY OF TACOMA'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' § 1983 MUNICIPAL LIABILITY CLAIMS |

ORDER - 1

**INTRODUCTION**

This cause of action arises from a July 25, 2002 inspection of the Browne's Star Grill building by a building inspector from the City's Building and Land Use Services Department, a fire inspector from the Tacoma Fire Department, and an electrical inspector from Tacoma Power. Plaintiff Tyrone Furgeson allowed the inspection, stating, "Be my guest." (Ex. 1, p. 142.) Following the inspection, the team concluded that the hazards were such that abatement was the appropriate action and cut electrical power to the building and a "Do Not Occupy" notice was posted on the bar and grill on the same day, July 25, 2002. The necessary repairs were made by Plaintiffs and, following re-inspections by the City, Browne's Star Grill reopened on September 6, 2002.

Defendants move for Summary Judgment on Plaintiffs' Section 1983 Municipal Liability Claim.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper if the moving party establishes that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). Inferences drawn from the facts are viewed in favor of the non-moving party. *T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630-31 (9th Cir. 1987).

Summary judgment is proper if a defendant shows that there is no evidence supporting an element essential to a plaintiff's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Failure of proof as to any essential element of plaintiff's claims means that no genuine issue of material fact can exist and summary judgment is mandated. *Celotex*, 477 U.S. 317, 322-23 (1986). The nonmoving party "must do more than show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

ORDER - 2

# DISCUSSION

In order for the City of Tacoma to be liable under 42 U.S.C. § 1983, a plaintiff must show that the alleged injuries were inflicted pursuant to a governmental custom, policy, or practice. *Bryan County v. Brown*, 520 U.S. 397 (1997). A plaintiff must prove that (1) the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional rights; and (4) that the policy is the 'moving force behind the constitutional deprivation. *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996).

For purposes of Section 1983 liability, an 'official policy" is "[a] policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority." *Brown v. Bryan County*, 219 F.3d 450, 457 (5th Cir. 2000). A custom is "[a] persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Id.* A plaintiff basing his claim on a custom must produce evidence of a widespread pattern of conduct that can fairly be attributed to the City. *Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983). A plaintiff must present evidence of other incidents, involving similarly situated people or circumstances, which were met with the same indifference claimed in the plaintiff's own situation. *Fiacco v. City of Rensselaer, New York*, 783 F.2d 319 (2nd Cir. 1986).

Plaintiffs assert in their response that

> ... the City's Drug House Elimination Task Force is a multi-departmental creation comprised of a municipal team of police, public utilities, fire, health, tax and licensing, road use and legal advisors. (Aff. Of Frohlich, Ex.4). The Drug House Elimination Task Force's primary program strategy is to conduct code enforcement inspections of problem locations. Code enforcement proceedings are commenced at locations where the Drug House Elimination Task Force determines that the owner has not been proactively fighting crime or is connected to illegal activity.

(Plaintiffs' Response pp. 5-6.) Plaintiff further asserts that owners then are forced to sell or residents

ORDER - 3

to move, that this weakens and eradicates the criminal element, and the use of the Task Force to do this reduces delays when traditional municipal channels are used.  This policy, argue Plaintiffs, violated their constitutional rights.

Plaintiffs have failed to demonstrate municipal liability pursuant to 42 U.S.C. § 1983 as to the City of Tacoma.  There has been no demonstration that Plaintiffs were deprived of a constitutional right. (See Court's Order Granting Defendants Summary Judgment on Plaintiffs' Section 1983 and 1985 claims, and claims under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.)  While Plaintiffs point to the efforts of the Drug Housing Elimination Task Force, there is no showing that the conduct of this Task Force amounts to "deliberate indifference" of Plaintiffs' constitutional rights.  Accordingly, Defendants' motion with respect to the City of Tacoma's motion for summary judgment on the municipal liability claims must be granted.  NOW, THEREFORE,

IT IS ORDERED: Defendant City of Tacoma's Motion for Summary Judgment on Plaintiffs' Section 1983 Municipal Liability Claim [Dkt. # 31] is GRANTED, and Plaintiffs' Section 1983 claims against the City of Tacoma are DISMISSED in their entirety with prejudice.

DATED this 17th day of November, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4