1

2

3

4

5                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
6                                  AT TACOMA

7
TYRONE FURGESON and MYONG
8    FURGESON, husband and wife; MYONG &
SUNG, LLC, a Washington limited liability
9    company d/b/a THE BROWNE'S STAR          Case No. C05-5490FDB
GRILL; and CONSTITUTIONALIST
10   SERVICES, LLC, a Washington limited      ORDER GRANTING IN PART
liability company d/b/a ESYONGS SECURITY   DEFENDANTS' MOTION FOR
11   AND CANINE,                             SUMMARY JUDGMENT ON STATE
                                           CLAIMS and DECLINING TO
12              Plaintiffs,                   EXERCISE SUPPLEMENTAL
                                           JURISDICTION ON TWO CLAIMS
13        v.

14   CITY OF TACOMA, a municipal corporation;
GREG HOPKINS and "JANE DOE"
15   HOPKINS, husband and wife, and the marital
community thereof; ROBERT LUKE and
16   PEGGY CAMPOS-LUKE, husband and wife,
and the marital community thereof; PHIL
17   FERRELL and DEBBIE FERRELL, husband
and wife, and the marital community thereof;
18   NICK STEPHENS and BOBBIE STEPHENS,
husband and wife, and the marital community
19   thereof; RUBEN CARTER and DARLENE
CARTER, husband and wife, and the marital
20   community thereof; DUANE KNOLL and
ROXANN KNOLL, husband and wife, and the
21   marital community thereof; and BRIAN
TRUNK and "JANE DOE" TRUNK, husband
22   and wife, and the marital community thereof,

23              Defendants.

24        This cause of action arises from a July 25, 2002 inspection of the Browne's Star Grill

25   building by a building inspector from the City's Building and Land Use Services Department, a fire

26   ORDER - 1

1 inspector from the Tacoma Fire Department, and an electrical inspector from Tacoma Power.

2 Plaintiff Tyrone Furgeson allowed the inspection, stating, "Be my guest." (Ex. 1, p. 142.)  Following

3 the inspection, the team concluded that the hazards were such that abatement was the appropriate

4 action and cut electrical power to the building and a "Do Not Occupy" notice was posted on the bar

5 and grill on the same day, July 25, 2002.  The necessary repairs were made by Plaintiffs and,

6 following re-inspections by the City, Browne's Star Grill reopened on September 6, 2002.

7       The Court has previously ruled on Defendants' Federal claims pursuant to 42 U.S.C. § 1983

8 and 1985 and the United States Constitution (See orders entered November 15 and 17, 2006).

9 Plaintiffs' Complaint alleges several causes of action under state law, including, in part, state

10 constitutional violations, and various tort claims (outrage, commercial disparagement, trespass, e.g.).

11 Defendants move for summary judgment on these claims as well.

12       Although the Court has jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. §

13 1367(a), under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental

14 jurisdiction over state-law claims where the court has dismissed all claims over which it has original

15 jurisdiction.  *Voigt v. Savell*, 70 F.3d 1552, 1565 (9th Cir. 1995).

16       In view of the Court's determination on the Federal claims, any allegation under state

17 constitutional law that arises from the same factual basis as the Federal constitutional claims is

18 lacking in merit; hence, Plaintiffs' due process claims and takings claim as well as the right to

19 peaceably assemble and the trespass claim must be dismissed.   The tort of outrage also will be

20 dismissed, as the Court can find no basis for concluding that there was conduct "so outrageous in

21 character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be

22 regarded as atrocious, and utterly intolerable in a civilized community."  *Birklid v. Boeing Co.*, 127

23 Wn.2d 853, 868, 904 P.2d 278 (1995).   The Court declines to exercise supplemental jurisdiction as

24 to the remaining claims (intentional interference with Plaintiffs' business expectancies and

25 commercial disparagement).

26 ORDER - 2

1        ACCORDINGLY, IT IS ORDERED:

2        (1)  Defendants' Motion for Summary Judgment on Plaintiffs' state law claims [Dkt. # 36] is

3   GRANTED in part as follows:  Plaintiffs' claims under the Washington State Constitution are

4   DISMISSED in their entirety with prejudice; Plaintiffs' claims for the torts of outrage and trespass

5   are DISMISSED with prejudice;

6        (2)  The Court declines to exercise supplemental jurisdiction over the remaining state claims

7   (intentional interference with Plaintiffs' business expectancies and commercial disparagement) and

8   they are DISMISSED.

9        DATED this 21st day of November, 2006.

10

11   _____

12   FRANKLIN D. BURGESS
     UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER - 3